PREET BHARARA
United States Attorney for the
Southern District of New York
By:   MICHAEL J. BYARS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2793
Facsimile:   (212) 637-2717
E-mail:  michael.byars@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZORAIDA ALDAHONDO,

                    Plaintiff,

     -against-

UNITED STATES OF AMERICA,

                    Defendant.
-----------------------------------------------------------x

ECF CASE

**CONFIDENTIALITY ORDER**

09 Civ. 6543 (JFK) (KNF)

       Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Confidentiality Order upon the joint motion of the parties, for the purpose of assuring the confidentiality of certain information that may be disclosed by the parties in the course of discovery proceedings.

       1.    As used in this Confidentiality Order, the term "Confidential Information" includes any information that is disclosed by a party or non-party to a party or its counsel in the course of discovery proceedings in this action, which is designated, at or before the time of disclosure, as "confidential" by the party disclosing it in one or more of the following ways:

              (a)    Information set forth in an answer to an interrogatory may be so designated by including the word "confidential" in the answer.

              (b)    Information contained in any document or part thereof may be so

designated by marking the word "confidential" on the document or any copy of it delivered to the party or its counsel or by giving written notice to counsel for the party, describing the document or part thereof either specifically or by category.

   (c) Information contained in an answer to any question asked during an oral deposition may be so designated by (i) a statement made on the record during the course of the deposition and on the same day that the answer is given or (ii) giving written notice to counsel within 15 days of receipt of the deposition transcript.

  2. Confidential Information disclosed to a party or its counsel during the course of discovery proceedings in this action:

   (a) Shall be used by the party and counsel only for purposes of this action.

   (b) Shall not be published to the public in any form by the party or counsel receiving the Confidential Information, nor used by the party or counsel receiving the Confidential Information for any business or commercial purposes.

   (c) Shall be disclosed by the party or counsel receiving the Confidential Information only to the following persons:

    (i) The party or attorneys for the party.

    (ii) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the party.

    (iii) Independent (non-employee) expert witnesses or advisors (including investigators) retained by the other party in connection with this action.

    (iv) Officers and managerial or supervisory personnel of the party.

    (v) Court reporters or stenographers engaged to record deposition testimony, and their employees.

(vi) Such other persons as hereafter may be authorized by the Court upon motion of either party.

3. A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within categories (ii), (iii), (iv) and (vi) of paragraph 2(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

4. The provisions of this Confidentiality Order shall not be construed as preventing:

(a) Any disclosure of Confidential Information by the party that designated the information as such.

(b) Any disclosure of Confidential Information to any judge, magistrate, or employee of this Court for purposes of this action.

(c) Any disclosure of Confidential Information for the purpose of enforcing the criminal laws.

5. Any party planning to file with the Court any pleadings, motions or other papers disclosing Confidential Information shall give no less than seven calendar days' prior notice to the party or non-party that provided the Confidential Information identifying the Confidential Information that would be disclosed. The party or non-party that provided the Confidential Information may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. In addition, a party planning to file with the Court any pleadings, motions or other papers disclosing its own Confidential

Information may also make an application to the Court requesting that papers or confidential portions thereof be filed under seal.

6. This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information.

7. Upon the conclusion of this litigation, all Confidential Information supplied by any producing party and all copies thereof shall be returned to the producing party, or such confidential discovery material shall be certified to have been destroyed. In addition, each party filing any submissions that contain Confidential Information will be responsible for obtaining any Confidential Information filed with the Court and returning or destroying such material.

8. Nothing in this Confidentiality Order shall preclude a party from offering Confidential Information into evidence at the trial of this action.

SO ORDERED:

*[signature]*
HON. JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE


Dated: New York, New York
~~XXXXXXXX, XXXX~~
March 4, 2011

The parties to this action consent to entry of this Order.

Dated: New York, New York
       February 23, 2011

By: PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By: /s/ Michael Byars

MICHAEL J. BYARS
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2793
Facsimile: (212) 637-2717
E-mail: michael.byars@usdoj.gov

Dated: New York, New York
       February ___, 2011

/s/ Melvin R. Simensky

MELVIN R. SIMENSKY, ESQ.
*Attorney for Plaintiff*
30 Vesey Street, Suite #1803
New York, New York 10007-2975
Telephone: (212) 962-2244
Facsimile: (212) 732-4923

- 5 -